[No. 18917. *En Banc.* July 15, 1925.]

EDITH R. CHAMBERLAIN, *as Executrix, etc., Substituted for Charles M. Chamberlain, Respondent,* v. WALTON T. GEER *et al., Appellants.*[1]

BILLS AND NOTES (64)—BONA FIDE PURCHASERS—HOLDER IN DUE COURSE—NOTICE OF ALTERATION IN NOTE. One is a holder in due course of a note "complete and regular upon its face," within Rem. Comp. Stat., § 3443, notwithstanding a material alteration of its due date (within Id., § 3515) where the alteration was not so apparent as to excite suspicion and prevent the note from appearing "complete and regular on its face;" in view of Id., § 3514, providing that an altered note may be enforced by a holder in due course if he was not a party to the alteration (TOLMAN, C. J., dissenting).

Appeal from a judgment of the superior court for Spokane county, Webster, J., entered July 8, 1924, in

[1]Reported in 237 Pac. 719.

favor of the plaintiff, in an action on a promissory note, tried to the court. Affirmed.

*Louis A. Dyar* and *Charles A. Aten,* for appellants.

*Harris Baldwin,* for respondent.

Askren, J.—This is an action for recovery upon a negotiable promissory note, claimed to have been executed by defendants on April 27, 1922, and payable on or before December 1, 1922, to B. F. Bonnewell, or order. The plaintiff alleged ownership before maturity for value and in due course. The defendants admitted the making of the note, but alleged that the note had been altered, and that, as originally drawn, it was payable on or before January 1, 1923. It appeared from the evidence that the note had been changed while the instrument was in the hands of the original payee, and it was the contention of the defendants that the alteration was so plain as to put a purchaser upon notice. There was testimony showing that, before plaintiff had consummated the purchase of the note, he wrote to the defendants notifying them that he was about to purchase the note, and in response thereto the defendants advised him that there must be some mistake about the due date, as the note should be due January 1 instead of December 1. Nothing was said about the note being altered.

The court found that the note was, before maturity and for a valuable consideration, transferred to the plaintiff; that the change in the due date was a material alteration, but that, inasmuch as the defendants had failed to notify the plaintiff before his purchase of the note that the same had been altered, they were estopped to contest the payment thereof upon that ground, and gave judgment for plaintiff. This appeal followed.

Appellant has presented a very thorough argument directed to the point that the alteration was material, since § 3515, Rem. Comp. Stat. [P. C. § 4196], provides that, "Any alteration which changes— 1. The date; . . . is a material alteration;" and that such instrument is therefore avoided under § 3514, Rem. Comp. Stat. [P. C. § 4195], which provides as follows:

"Where a negotiable instrument is materially altered without the assent of all parties liable thereon, it is avoided, except as against a party who has himself made, authorized or assented to the alteration, and subsequent indorsers. But when an instrument has been materially altered and is in the hands of a holder in due course, not a party to the alteration, he may enforce payment thereof according to its original tenor."

The words "holder in due course," so far as they are applicable to this case, are defined in § 3443, Rem. Comp. Stat. [P. C. § 4123], as follows:

"A holder in due course is a holder who has taken the instrument under the following conditions:—1. That it is complete and regular upon its face; . . ."

Appellants contend that the instrument cannot be "complete and regular upon its face" when it has been altered as this note was. Appellants' argument, however, is predicated upon the assumption of a certain fact with which we are unable to agree, i. e., that the alteration in the note was sufficiently apparent to put respondent upon inquiry. This point is decisive of the case. The words "Dec. 1" are in somewhat heavier ink than the words which immediately precede them, but the erasure, if erasure there was, was done so skillfully as not normally to excite suspicion. If, however, suspicion was aroused by this fact, it would be immediately allayed by the notation in the lower left-hand corner of the note, which reads: "Due Dec. 1, 1922,

Preston, Wash. R. R. No. 1.'' This notation in the left-hand corner is in the same handwriting as the body of the note, and the words ''Dec. 1st'' at the beginning.

We have not overlooked the fact that there was testimony of a witness for the appellant to the effect that the alteration was sufficient to put a person upon inquiry. The trial court did not make a finding upon that question, but did in its memorandum decision express the opinion that a casual examination of the note would disclose that there had been a change in the date of payment, but that the inclusion in the lower left-hand corner of the words and figures ''Due Dec. 1st, 1922,'' would tend to allay suspicion aroused by the appearance of the date of payment. This is purely a question of fact upon which, of course, there can be a divergence of opinion. The law applicable thereto can be of no help. The only way to determine whether the appearance of the note would put a reasonable person upon inquiry is to take the note and make an inspection of it. After doing so, a majority of the court are of the opinion that the alteration was not so apparent as to excite suspicion and prevent the instrument from appearing ''complete and regular upon its face.'' This being so, respondent was the holder in due course of a note materially altered. But not being a party to the alteration he could, under § 3514, *supra,* enforce payment thereof according to the original tenor, i. e., after January 1st.

Objection is also made to the allowance of attorney's fees and costs by the trial court, but this we deem without merit.

The judgment of the trial court is affirmed.

HOLCOMB, MACKINTOSH, MITCHELL, BRIDGES, and MAIN, JJ., concur.

Tolman, C. J. (dissenting)—In my judgment, the alteration was so apparent as to excite suspicion and put on notice any one dealing with the note. I therefore dissent.